IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM CRAIG BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05CV170-W |
| | ) | (WO) |
| STATE OF ALABAMA | ) | |
| DEPARTMENT OF PUBLIC | ) | |
| HEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff brings claims pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the equal protection clause of the Fourteenth Amendment against the State of Alabama Department of Public Health and two individual defendants. Plaintiff alleges that defendants discriminated against him on the basis of his age and gender when the department transferred him from its Dothan office to its office in Montgomery in February 2004. Plaintiff seeks equitable relief and damages.

This action is presently before the court on defendants' motion for summary judgment, filed on November 1, 2005. (Doc. # 14). Defendants argue that, even assuming that their actions with regard to the plaintiff's reassignment were illegal, they are nevertheless entitled to summary judgment on plaintiff's claims and dismissal of this action because plaintiff's claims are rendered moot by plaintiff's October 17, 2005 reinstatement to his position at the Dothan office.

However, reinstatement to the position in Dothan is only one aspect of the relief

sought by plaintiff. He also seeks "front pay, lost wages (plus interest), liquidated damages, compensatory and punitive damages, and loss of benefits including retirement, pension seniority and other benefits of employment," as well as costs, attorneys' fees and expenses. (Complaint, ¶¶ VII(5) and (6)). In an affidavit filed in opposition to the motion for summary judgment, plaintiff details some of the economic damages that he allegedly suffered as a result of the transfer. (Exhibit B to Doc. # 16). Plaintiff's affidavit establishes that he has not obtained all of the relief he seeks in this action. "A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief." Jews for Jesus, Inc. V. Hillsborough County Aviation Authority, 162 F.3d 627, 629 (11th Cir. 1998). If plaintiff prevails on any of his claims and proves his damages at trial, he may be entitled to relief beyond reinstatement to his position in Dothan.

Accordingly, it is

ORDERED that defendants' motion for summary judgment (Doc. # 14) is DENIED.

DONE, this 29th day of November, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE